UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK ALAN SOURANDER,

       Plaintiff,                          No. 18-11162

v.                                          District Judge Gershwin A. Drain
                                              Magistrate Judge R. Steven Whalen

SHERIFF HOWARD HANFT,
ET AL.,

       Defendants.
_____/

## ORDER

On March 23, 2018, Plaintiff Patrick Alan Sourander filed a *pro se* civil complaint in the Ogemaw County, Michigan Circuit Court. The Defendants removed the case to this Court on April 12, 2018 [Doc. #1]. Before the Court is Defendants' Motion for More Definite Statement [Doc. #2].

In assessing the present motion, two other principles come into play. First, *pro se* litigants are not held to the standard of practicing attorneys, and their pleadings are to be construed liberally. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir.2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir.2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Secondly, however, even a *pro se* litigant must comply with Fed.R.Civ.P 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or

-1-

inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). A court "should not have to guess at the nature of the claim asserted." Id. In addition, Rule 8(a)(3) requires a specific demand for judgment for the relief sought.

Parts of Plaintiff's complaint are either missing or unreadable, and in his response [Doc. #3], Plaintiff states that he has no objection to correcting those deficiencies.[1] In addition, Plaintiff lists 22 separate counts, many of which state legal conclusions (eg, Count IV, "interference with the right to consult with an attorney in violation of the 1st Amendment") with no factual support and no connection to any specific Defendant. The complaint does contain some factual information, but not connected to specific legal claims. Moreover, the facts cited often do not indicate the dates, or times, or places the alleged conduct occurred. It is unclear which claim applies to which Defendants.

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also*

---

[1] *See*, eg, ¶¶ 11, 27-29, 33, 36-40, 46-50, 57, 78, and 79.

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

As is, the Plaintiff's complaint does not permit the Defendants to adequately answer the claims, and it is appropriate to require a more definite statement under Rule 12(e). I understand that Plaintiff is proceeding without counsel, but he should nonetheless be able to file a complaint that (1) lists each separate claim (that is, which right was violated) in a separate count; (2) under that count, state which Defendant or Defendants he claims violated that right; and (3) state what those Defendants did to violate that specific right, and when and where they did it. By organizing his complaint in this way, and providing factual allegations, Defendants will be able to understand why they are being sued and will be able to formulate a response.

For these reasons, Defendants' motion for more definite statement [Doc. #2] is GRANTED. Plaintiff must file a complaint that complies with this Order within 30 days of the date of this Order.

IT IS SO ORDERED.


Dated: June 25, 2018　　　　　　　　　　s/R. Steven Whalen  
　　　　　　　　　　　　　　　　　　　　R. STEVEN WHALEN  
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

      I hereby certify on June 25, 2018 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on June 25, 2018.

                                                s/Carolyn M. Ciesla
                                                Case Manager for the
                                                Honorable R. Steven Whalen