UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK ALAN SOURANDER,

    Plaintiff,

v.

SHERIFF HOWARD HANFT, ET AL.,

    Defendants.

Case No. 18-cv-11162

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE WHALEN'S JUNE 25, 2018 ORDER [#8] GRANTING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's July 11, 2018 Objection [#10] to Magistrate Judge R. Steven Whalen's June 25, 2018 Order [#8]. For the reasons stated herein, the Court will AFFIRM Magistrate Judge Whalen's Order [#8] and OVERRULE Plaintiff's Objection [#10].

**II. BACKGROUND**

Plaintiff initiated this prisoner civil rights action on April 12, 2018, alleging violations by several Defendants working for Ogemaw County, Michigan. *See* Dkt. No. 1, p. 12 (Pg. ID 12). On April 18, 2018, Defendants filed a Motion for More Definite Statement, asserting Plaintiff's Complaint (1) was illegible, (2)

failed to identify which Defendants were accused of committing which acts, and (3) did not provide date, time, or location evidence for each alleged violation. *See* Dkt. No. 2, pp. 10-11 (Pg. ID 35-36). Defendants argued that without more definite information, they could not adequately respond to the Complaint and defend the allegations. *See id.* at pp. 11-12 (Pg. ID 36-37).

In his Response filed May 3, 2018, Plaintiff raised no objections to providing the missing information in his Complaint in a legible form. *See* Dkt. No. 3, p. 2 (Pg. ID 69). However, Plaintiff claimed that he could not provide dates and times for the alleged violations because one of the Defendants seized his notes, which he alleged in Counts 18 through 20 of his Complaint. *See id.* at p. 1 (Pg. ID 68).

Ultimately, Magistrate Judge Whalen granted Defendants' Motion for More Definite Statement, directing Plaintiff to (1) list each separate claim in a separate count, (2) state which Defendant(s) violated that right, and (3) state what those Defendant(s) did to violate that right and when and where they did it. *See* Dkt. No. 8, p. 3 (Pg. ID 127). This Objection [#10] ensued.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a). However, "When an objection is filed to a magistrate judge's ruling on a non-

dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge." E.D. Mich. LR 72.2.

In reviewing a magistrate judge's order on a non-dispositive matter, the district court must apply the "clearly erroneous" or "contrary to law" standard of review. Fed. R. Civ. P. 72(a). The Supreme Court has held, "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Importantly, "this standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently." *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *See id.* (quoting *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995)). The Court's review under the contrary to law standard requires the exercise of independent judgment in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Sedgwick Ins.*, 47 F.

Supp. 3d at 538 (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994).

**IV. DISCUSSION**

Plaintiff's sole issue with Magistrate Judge Whalen's Order is that he cannot provide the dates and times for each alleged violation in his Complaint because one of the Defendants seized his notes. *See* Dkt. No. 10, p. 2 (Pg. ID 132). In support of his Objection, Plaintiff cites to *Robinson v. Genesee County Sheriff's Department*, where the court emphasized, "Clearly, prisoners who allege they have been mistreated by sheriff deputies are not expected to maintain a detailed record of when and how they were beaten." *See id.* at p. 3 (Pg. ID 133); 2017 WL 1105060, at *4 (E.D. Mich. Mar. 24, 2017). Plaintiff suggests this case excuses his inability to provide more detailed information surrounding the events in his Complaint.

Having reviewed the record, the Court agrees with Magistrate Judge Whalen that Plaintiff's Complaint, as it stands, fails to provide Defendants with adequate notice of the allegations against them. *See* Dkt. No. 8, p. 4 (Pg. ID 127). Indeed, the Sixth Circuit has held that a complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Schneid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434,

436 (6th Cir. 1988). Certainly, estimates of where and when an alleged wrongful act occurred are material elements of any claim.

Further, the Court finds that Magistrate Judge Whalen's directive for Plaintiff to state what each Defendant did to violate his rights and when and where they did it is consistent with the holding in *Robinson*. *See* 2017 WL 1105060, at *4. In *Robinson*, the court still required the plaintiff to amend his complaint and at least provide an "estimate" of relevant time, date, and location information. *See id.* Here, Magistrate Judge Whalen is not asking Plaintiff for exact precision, but instead, to do his best to provide an estimate of where and when the alleged acts in his Complaint occurred.

Hence, Magistrate Judge Whalen's Order [#8] was not "clearly erroneous" or "contrary to law."

## V. CONCLUSION

For the reasons stated herein, the Court AFFIRMS Magistrate Judge Whalen's Order Granting Defendants' Motion for More Definite Statement [#8] and OVERRULES Plaintiff's Objection [#10].

IT IS SO ORDERED.

Dated:	September 17, 2018

s/Gershwin A. Drain  
HON. GERSHWIN A. DRAIN  
United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 17, 2018.
+

                s/Teresa McGovern
                Case Manager Generalist