UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK ALAN SOURANDER,

        Plaintiff,                            No. 18-11162

v.                                          District Judge Gershwin A. Drain
                                              Magistrate Judge R. Steven Whalen

SHERIFF HOWARD HANFT,
ET AL.,

        Defendants.
                                          /

**REPORT AND RECOMMENDATION**

On March 23, 2018, Plaintiff Patrick Alan Sourander, a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil complaint in the Ogemaw County, Michigan Circuit Court, under 42 U.S.C. § 1983. Defendants removed the case to this Court on April 12, 2018. Before the Court is Defendants' Motion to Dismiss under Fed.R.Civ.P. 41(b) [Doc. #12],which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

                                              **I.    FACTS**

On April 18, 2018, Defendants filed a Motion for More Definite Statement [Doc. #2], which I granted on June 25, 2018 [Doc. #8], ordering that Plaintiff file a more definite statement within 30 days. The Hon. Gershwin A. Drain, United States District Judge, affirmed my order on September 17, 2018.

Defendants filed their motion to dismiss on August 22, 2018, arguing that because Plaintiff had not filed a more definite statement within 30 days of my order, his complaint

was subject to dismissal for failure to prosecute under Fed.R.Civ.P. 41(b). On September 12, 2018, Plaintiff did file his more definite statement [Doc. #14]. On September 18, 2018, Plaintiffs filed a reply brief [Doc. #17], reiterating their argument that the Plaintiff's failure to timely file his more definite statement consistent with my June 25, 2018 order is a basis for dismissal under Rule 41(b).

## II.  STANDARD OF REVIEW

Under *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999)*,* a court should generally consider four factors in deciding whether to dismiss under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."

## III.  DISCUSSION

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect Thereof.**  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich. 2007).

Plaintiff was directed to file his more definite statement within 30 days of my June 25, 2018 order, which would have been July 25, 2018. Instead, he filed on September 12, 2018, seven weeks late.

Under the first *Knoll* factor, I do not find that the Plaintiff's tardiness was the result of willfulness or bad faith.  Apart from the handicaps that all prison inmates face in litigating their cases, it appear to me that based on his initial complaint, which was extremely disorganized and poorly written, Plaintiff had additional difficulties in formulating his claims consistent with the rules of pleading.  In addition, it appears from his more definite statement [Doc. #14] that Plaintiff may have had the benefit of some assistance in re-formulating his claims, which may well have cost him additional time.  Moreover, the relatively short delay in filing his statement runs counter to a finding of willfulness or bad faith.

As to the second *Knoll* factor, this case is at its beginning stages, and no discovery or other substantive matters have taken place.  Therefore, other than the generic prejudice that accompanies any delay, the Defendants have suffered no particularized or significant prejudice.

As to the third and fourth *Knoll* factors, Plaintiff was not warned that his failure to file his statement timely could lead to dismissal, nor have less drastic sanctions been previously imposed.

In view of these factors, I find that it would be inappropriate to impose the extreme and drastic sanction of dismissal with prejudice under Rule 41(b).

### IV.   CONCLUSION

I recommend that Defendants' Motion to Dismiss [Doc. #12] be DENIED.

Any objections to this Report and Recommendation must be filed  within fourteen(14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435

(1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen(14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: October 29, 2018                s/R. Steven Whalen
                                       R. STEVEN WHALEN
                                       UNITED STATES MAGISTRATE
                                       JUDGE

### CERTIFICATE OF SERVICE

I hereby certify on October 29, 2018 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on October 29, 2018.

                                       s/Carolyn M. Ciesla
                                       Case Manager for the
                                       Honorable R. Steven Whalen