UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK ALAN SOURANDER,

    Plaintiff,

v.

SHERIFF HOWARD HANFT, ET AL.,

    Defendants.
_____/

Case No. 18-cv-11162

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE WHALEN'S OCTOBER 29, 2018 ORDER GRANTING DEFENDANTS' MOTION TO STAY [#25] AND OVERRULING PLAINTIFF'S OBJECTION [#27]**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's November 16, 2018 Objection [#27] to Magistrate Judge R. Steven Whalen's October 29, 2018 Order granting Defendant's Motion to Stay [#25]. For the reasons set forth below, the Court will AFFIRM Magistrate Judge Whalen's Order [#25] and OVERRULE Plaintiff's Objection [#27].

**II. BACKGROUND**

Plaintiff initiated this prisoner civil rights action on April 12, 2018. Dkt. No. 1. On April 18, 2018, Defendants filed a Motion for More Definite Statement, which Magistrate Judge Whalen granted on June 25, 2018. Dkt. No. 8. Magistrate

-1-

Judge Whalen's June 25, 2018 Order required Plaintiff to file a more definite statement within thirty days. *Id.* However, Plaintiff's more definite statement was not filed on the Eastern District of Michigan's electronic docket until September 12, 2018.[1] Dkt. No. 14. Thus, on August 22, 2018, Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to abide by Magistrate Judge Whalen's Order. Dkt. No. 12.

On September 19, 2018, pending the outcome of their Motion to Dismiss, Defendants filed a Motion to Stay their Answer to Plaintiff's more definite statement. Dkt. No. 18. On October 29, 2018, Magistrate Judge Whalen entered a Report and Recommendation denying Defendants' Motion to Dismiss. Dkt. No. 24. That Report and Recommendation gave the parties fourteen days to file any objections. Hence, Magistrate Judge Whalen stayed Defendants' answer to Plaintiff's more definite statement until the decision on Defendants' Motion to Dismiss became final. Dkt. No. 25. This Objection ensued. Dkt. No. 27.

---

[1] The record shows that Plaintiff mailed his more definite statement to the Court on August 3, 2018. *See* Dkt. No. 14, p. 17 (Pg. ID 182). Under the prison mailbox rule, Plaintiff's more definite statement would be deemed filed on that date. *See Poston v. Settles*, 2018 WL 3496623, at *1, n.1 (W.D. Tenn. July 20, 2018) ("[A] prisoner's legal mail is considered 'filed' when he deposits his mail in the prison mail system to be forwarded to the Clerk of the Court.") (citing *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002)). Still, Plaintiff's more definite statement was untimely filed.

## III. Legal Standard

Federal Rule of Civil Procedure 72(a) permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a). But "[w]hen an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge." E.D. Mich. LR 72.2.

In reviewing a magistrate judge's order on a non-dispositive matter, the district court must apply the "clearly erroneous" or "contrary to law" standard of review. Fed. R. Civ. P. 72(a). The Supreme Court has held, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Importantly, "this standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently." *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *See id.* (quoting *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995)). The Court's review under the contrary to law

standard requires the exercise of independent judgment in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Sedgwick Ins.*, 47 F. Supp. 3d at 538 (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994).

## IV. DISCUSSION

Plaintiff objects to Magistrate Judge Whalen's Order granting Defendants' Motion to Stay, arguing that the decision was contrary to law. Dkt. No. 27, pp. 3-4 (Pg. ID 247-48). Plaintiff asserts that he mailed his more definite statement to the Court and to Defendants' counsel on August 3, 2018, and thus, this is the date his more definite statement was deemed filed and served. *Id.* at p. 2 (Pg. ID 246); *see Poston*, 2018 WL 3496623, at *1, n.1; Fed. R. Civ. P. 5(b)(C) (service is complete upon mailing). As such, Plaintiff contends that Defendants' answer to his more definite statement was due on August 20, 2018 (fourteen days from date of service plus three extra days for service by mail). *Id.* at p. 3 (Pg. ID 247). Because Defendants did not file their Motion to Stay until September 19, 2018, Plaintiff maintains that it was contrary to law for Magistrate Judge Whalen to effectively extend Defendants' time to file an answer to Plaintiff's more definite statement without first making a finding of excusable neglect, such as would be required for a late filing under Federal Rule of Civil Procedure 6(b)(1)(B). *Id.* at pp. 3-4 (Pg.

ID 247-48). Plaintiff, however, overlooks the Court's broad authority under Federal Rule of Civil Procedure 12(e).

Rule 12(e), in relevant part, provides, "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or *issue any other appropriate order*." Fed. R. Civ. P. 12(e) (emphasis added). Here, Magistrate Judge Whalen's June 25, 2018 Order required Plaintiff to file his more definite statement by July 25, 2018. *See* Dkt. No. 8. Because Plaintiff did not mail his more definite statement until August 3, 2018, thus making it untimely, it was within Magistrate Judge Whalen's power under Rule 12(e) to take any measures that he saw fit. In this case, Magistrate Judge Whalen chose to stay Defendants' answer to Plaintiff's more definite statement. *See* Dkt. No. 25. Because district courts have broad discretion to stay proceedings, the Court cannot find that it was contrary to law for Magistrate Judge Whalen to enter an order granting Defendants' Motion to Stay. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (holding courts have broad discretion to stay proceedings).

### V. CONCLUSION

For the reasons stated herein, the Court AFFIRMS Magistrate Judge Whalen's Order Granting Defendants' Motion to Stay [#25] and OVERRULES Plaintiff's Objection [#27].

IT IS SO ORDERED.

Dated: January 9, 2019

                                          s/Gershwin A. Drain
                                          HON. GERSHWIN A. DRAIN
                                          United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 9, 2019, by electronic and/or ordinary mail.

                                          s/Teresa McGovern
                                          Case Manager