UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK ALAN SOURANDER,

      Plaintiff,

v.

Case No.: 18-cv-11162
Honorable Gershwin A. Drain

SHERIFF HOWARD HANFT, *et al.*,

      Defendants.

_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#56], OVERRULING PLAINTIFF'S OBJECTIONS [#59], GRANTING DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT [#31], DENYING PLAINTIFF'S MOTION TO CONDUCT DISCOVERY [#54] AND DISMISSING ACTION**

**I. INTRODUCTION**

Presently before the Court in this 42 U.S.C. § 1983 prisoner civil rights action is Magistrate Judge R. Steven Whalen's Report and Recommendation, filed on August 7, 2019. Magistrate Judge Whalen recommends that the Court grant the Defendants' Motion to Dismiss and Motion for Summary Judgment. Specifically, Magistrate Judge Whalen recommends that Plaintiff's First Amendment "legal" mail claim be dismissed with prejudice because the mail was not legal mail and therefore it was appropriate for the jail officials to open and inspect it for

contraband. Magistrate Judge Whalen further recommends that Plaintiff's remaining Fourth, Fifth, Sixth and Fourteenth Amendment claims, as well as his state law claims, be dismissed without prejudice based on Plaintiff's failure to exhaust his administrative remedies with respect to these claims. Plaintiff filed his objections on September 12, 2019. For the reasons that follow, the Court will overrule Plaintiff's objections.

**II. LAW & ANALYSIS**

    **A. Standard of Review**

Title 28 U.S.C. § 636 sets forth the standard of review used by the Court when examining a report and recommendation. The Court, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court has the power to, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

    **B. Plaintiff's Objections to the Report and Recommendation**

        **i. Objection No. 1**

In his first objection, Plaintiff complains that the Magistrate Judge erred by converting Defendants' Motion to Dismiss into a Motion for Summary Judgment without conducting discovery. Plaintiff's objection is meritless. Defendants'

motion was brought pursuant to both Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure. ECF No. 293, PageID. 293. The Plaintiff responded to the motion, as well as furnished exhibits and his declaration. Thus, Plaintiff had fair notice that the motion was presented as a motion for summary judgment and was given an opportunity to respond.

### ii. Objection No. 2

Next, Plaintiff objects to the Magistrate Judge's consideration of Defendants' exhibits, filed along with Defendant's Reply brief. This objection likewise lacks merit. In their Reply brief, Defendants presented arguments and documents to rebut the claims made by Plaintiff in his Response to Defendants' Motion to Dismiss and/or for Summary Judgment. Defendants included the two grievances that Plaintiff filed while detained at the Ogemaw County Jail, which had already been provided in their original motion. Defendants also attached the prison grievance policy to rebut Plaintiff's claim that the jail did not have an administrative grievance procedure. Lastly, Defendants also included documents evidencing that Plaintiff had received, and acknowledged receipt of the responses to his grievances in order to rebut Plaintiff's claim that he never received responses to his grievances.

It was appropriate for the Magistrate Judge to consider these attachments since they addressed arguments in Plaintiff's Response brief. *See Smith v. Burns*

*Med. Ctr.,* 779 F.2d 1173, 1175 n.6 (6th Cir. 1986) (illustrating that a district court may consider attachments filed after a summary judgment motion is submitted where a defendant seeks to address new arguments presented in the plaintiff's response); *see also Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1457 (E.D. Wis. 1993), aff'd 41 F.3d 1510 (7th Cir. 1994) ("[W]here the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers – both briefs and affidavits – may properly address those issues."). Because Defendant's Reply brief and attached exhibits addressed Plaintiff's arguments in his Response, the Magistrate Judge did not err in considering the exhibits. This objection is overruled.

### iii. Objection No. 3

Plaintiff also objects to the Magistrate Judge's "use of all unauthenticated exhibits." ECF No. 59, PageID. 1067. Plaintiff's objection is without merit. The Ogemaw County Jail documents submitted by the Defendants have been authenticated by the affidavits of Defendant Purtill, Defendant Osier and Sheriff Hanft. As such, the Magistrate Judge did not improperly rely on unauthenticated documents and Plaintiff's objection is overruled.

### iv. Objection No. 4

Next, Plaintiff objects to the Magistrate Judge's conclusion that Ogemaw

4

County Jail had an available grievance procedure. This objection likewise lacks merit. The evidence of record demonstrates that the jail had a grievance policy in effect at the time of Plaintiff's detention in 2014 and 2015. ECF No. 52, PageID. 735. In fact, Plaintiff invoked the initial step in the available grievance procedure with respect to the issue with his "legal" mail, as well as with respect to discipline he received for passing a note to another prisoner. Moreover, the Magistrate Judge correctly concluded that Plaintiff did not meet his burden to demonstrate that the Ogemaw County Jail grievance procedure was unavailable to him. This objection is overruled.

### v. Objection No. 5

Plaintiff also objects to the Magistrate Judge's conclusion that Plaintiff's transfer to the MDOC did not render his administrative remedies unavailable. Plaintiff was detained in the Ogemaw County Jail from 2014 through 2016. He had ample time to initiate and complete the available grievance procedure but did not. The Magistrate Judge did not err in concluding that Plaintiff's transfer did not make his administrative remedies unavailable. This objection is also overruled.

### vi. Objection No. 6

Lastly, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff did not exhaust his available remedies. The evidence of record, as well as Plaintiff's admissions show that Plaintiff failed to exhaust his administrative

5

remedies with respect to all of his claims except for his First Amendment legal mail claim.[1] Plaintiff filed two grievances during his detention at Ogemaw County Jail, only one of which concerns his legal mail. The other grievance concerned discipline associated with Plaintiff passing a note to another inmate in violation of jail rules. No other grievances were filed even though the jail had an available administrative procedure. Plaintiff's objection is overruled.

### C. Plaintiff's Motion to Conduct Discovery

On May 8, 2019, Plaintiff filed a motion to conduct discovery in order to file a Sur-Reply to Defendant's Reply brief. As an initial matter, the Court has already considered and rejected Plaintiff's assertion that Defendants added new arguments and evidence in their Reply brief. Moreover, Plaintiff did not seek to conduct discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure prior to filing his Response to the Defendants' Motion to Dismiss and for Summary Judgment. Moreover, Plaintiff's declaration in support of his motion merely mimics the language of Rule 56(d) by referring generally to Plaintiff's need to take

---

[1] Plaintiff does not object to the Magistrate Judge's conclusion that Plaintiff cannot establish his First Amendment claim because the mail at issue was not from a lawyer. Rather, the mail was from his co-defendant. Magistrate Judge Whalen therefore correctly concluded that the jail officials did not violate the First Amendment by refusing to provide materials sent by Plaintiff's co-defendant. *See Parrish v. Johnson*, 800 F.2d 600, 603 (6th Cir. 1986).

discovery to obtain facts "to make a meaningful response to the motion for summary judgment . . . ." ECF No. 56, PageID.996. Notably, Plaintiff does not request discovery on the issue of exhaustion of administrative remedies, Plaintiff's grievances or any other material that is relevant to the exhaustion issue. His motion is therefore denied.

### III. CONCLUSION

Accordingly, for the reasons articulated above, the Court OVERRULES Plaintiff's Objections [#59], and ACCEPTS and ADOPTS Magistrate Judge R. Steven Whalen's August 7, 2019 Report and Recommendation [#56].

Defendants' Motion to Dismiss and for Summary Judgment [#31] is GRANTED.

Plaintiff's Motion to Conduct Discovery [#54] is DENIED.

This cause of action is DISMISSED.

SO ORDERED.

Dated: September 17, 2019        /s/Gershwin A. Drain
                                 GERSHWIN A. DRAIN
                                 United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 17, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk